UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD JAMES GATISS,

                  Petitioner,                  Case No. 1:08-cv-717

v.                                     Honorable Robert J. Jonker

KENNETH T. McKEE,

                  Respondent.

_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.      Factual allegations

Petitioner presently is incarcerated with the Michigan Department of Corrections and housed at the Bellamy Creek Correctional Facility.  On September 6, 2006, Petitioner pleaded guilty in the Alger County Circuit Court to kidnaping, MICH. COMP. LAWS § 750.349, and carrying a weapon with unlawful intent, MICH. COMP. LAWS § 750.226.  In exchange for Petitioner's guilty plea, three other charges were dismissed:  possession of a firearm during the commission of a felony, armed robbery, and possession of morphine.  The trial court sentenced Petitioner on October 9, 2006 to terms of imprisonment of 15 to 20 years on the kidnaping offense and 2½ to 5 years on the weapons offense.

Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals, raising two grounds for relief: (1) the trial court erred in scoring Offense Variable 7 under the Michigan Sentencing Guidelines; and (2) the trial court abused its discretion in failing to respond to objections to the pre-sentence report.  The court of appeals denied leave to appeal on February 16, 2007.  Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave to appeal on July 30, 2007.

On October 9, 2007, Petitioner filed a motion for relief from judgment in the Alger County Circuit Court.  In his motion, Petitioner raised the same sentencing issues raised on appeal, together with claims of newly discovered evidence, lack of proportionality in sentencing, ineffective assistance of counsel, and the involuntariness of his guilty plea.  The circuit court denied the motion on December 13, 2007, and Petitioner has not yet appealed.  He states that he will do so, but, because of the one-year statute of limitations, he has first filed his habeas petition in this Court.

Petitioner now raises the following grounds for habeas corpus relief:

I.      THE TRIAL COURT ABUSED ITS DISCRETION IN GIVING 50 POINTS IN THE SCORING OF THE OFFENSE VARIABLE [7], THEREBY INCREASING MY SCORING GUIDELINES DRAMATICALLY.

II.     THAT THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO RESPOND TO PRE-SENTENCE REPORT OBJECTIONS AND THE FACT THAT THE PRE-SENTENCE REPORT WAS NOT ACCURATE.

III.    THAT THE TRIAL COURT DID NOT PROPERLY FOLLOW IN A PROCEDURAL MANNER, THE REQUIREMENTS OF MCR 6.500, ET SEQ.

IV.     THE PLEA THAT WAS ENTERED WAS INVALID BASED UPON THE FACT THAT THE DEFENDANT WAS NOT IN HIS RIGHT STATE OF MIND AND COULD NOT HAVE KNOWINGLY AND UNDERSTANDINGLY ENTERED INTO SAID PLEA.

V.      DEFENDANT CONTENDS THAT THE AGREEMENT TO DISMISS THE ALLEGED CRIMINAL SEXUAL CONDUCT CASE RENDERED THE PLEA ILLUSORY AS THERE WAS NO BASIS FOR THE UNDERLYING CRIMINAL SEXUAL CONDUCT CASE.

VI.     THE PLEA THAT WAS ENTERED BY THE DEFENDANT WAS NOT VOLUNTARILY MADE AND WAS IN FACT DONE UNDER THREATS, PROMISES, COERCION AND INDUCEMENTS CONTRARY TO MCR 6.302.

VII.    THAT THERE WAS INEFFECTIVE ASSISTANCE OF COUNSEL BASED UPON THE FACT THAT NO INDEPENDENT MENTAL HEALTH EXAMINATION WAS PERFORMED; OR THAT ATTORNEY CASSELMAN KNEW ABOUT THE GUIDELINE SCORING OF OV7 (AND FAILED TO TELL DEFENDANT ABOUT); AND THAT HE SHOULD HAVE KNOWN THAT DEFENDANT WAS NOT IN HIS RIGHT MIND AT PLEA.

II.     <u>Exhaustion of State Court Remedies</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust

remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838,

842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.  Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Petitioner acknowledges that he has not yet fully exhausted Grounds III through VII, because he has not yet appealed the circuit court's denial of his motion for relief from judgment.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which to raise the issues he has presented in this application.  He may appeal the denial of his motion for relief from judgment under Mich. Ct. R. 6.500 et. seq. to both the Michigan Court of Appeals and the Michigan Supreme Court.  Petitioner has one year from the date of the circuit court's order denying the motion, or until December 13, 2008, in which to file

-4-

his application for leave to appeal to the Michigan Court of Appeals.  *See* MICH. CT. R. 7.205(F)(3)(a).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), the one-year  limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court.   The Michigan Supreme Court denied his application on July 30, 2007. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on Monday, October 29, 2007.  Accordingly, absent tolling, Petitioner would have one year, until October 29, 2008, in which to file his habeas petition.

However, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending.  *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 127 S. Ct. 1079 (2007).  The statute is not tolled during the time that a Petitioner petitions for writ of certoriari in the United Stated Supreme Court.  Petitioner properly filed his motion for relief from judgment in the Alger County Circuit Court on October 9, 2007, thereby tolling the statute of limitations before it began to run.  Therefore, assuming that Petitioner timely seeks leave to appeal in the Michigan Court of Appeals and the Michigan Supreme Court from the denial of his motion for relief from judgment, he will have one year from the Michigan Supreme Court's decision in which to file his habeas petition in this Court.

Because Petitioner appears to have some claims that are exhausted and some that are not, his application ordinarily must be dismissed as a mixed petition. *Rose v. Lundy*, 455 U.S. 509 (1982). In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The *Palmer* court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Id.; see also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (approving use of stay-and-abeyance procedure, but adding requirements that unexhausted claims not be plainly meritless and that petitioner had good cause for failure to exhaust). Because Petitioner has far more than sixty days remaining in the limitations period, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted. Alternatively, Petitioner may file a new petition at any time before the expiration of the limitations period raising only his exhausted claims.

### Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural grounds of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*  Therefore, the Court denies Petitioner a certificate of appealability.

       An Order consistent with this Opinion will be entered.


Dated:   November 4, 2008          /s/ Robert J. Jonker          
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE